

NUMBER 13-12-00545-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN THE MATTER OF M. M., JR., A JUVENILE

On appeal from the Juvenile Court
of Victoria County, Texas.

MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

On June 20, 2011, the trial court, after conducting a hearing, found that appellant, M.M. Jr., had engaged in delinquent conduct indicating a need for supervision. The trial court placed M.M. on probation for a period of twelve months. On May 15, 2012, the State filed a motion to modify disposition stating that M.M. had violated various terms of his probation and requesting that the trial court revoke M.M.'s probation. The trial court held a hearing on the State's motion to modify disposition on July 30, 2012. At the hearing, M.M. pleaded "true" to all of the alleged violations in exchange for the State dropping a separate charge of burglary of a habitation against

him.  M.M. stipulated to the evidence presented by the State.  Based on M.M.'s plea of "true" and the stipulations, the trial court found that the allegations in the State's motion to modify disposition had been proven by a preponderance of the evidence.  The trial court, after reviewing the State's evidence, then placed M.M. in the Texas Juvenile Justice Department's care, custody, and control.  M.M. filed a timely notice of appeal, and as discussed below, his court-appointed counsel filed an *Anders* brief.  We affirm.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that he "diligently searched the Reporter's Record and Clerk's Record in [this case], researched the law applicable to the facts and issues presented, if any, and it is [his] personal opinion that no reversible error is reflected by the record."  In *In re D.A.S.*, the Texas Supreme Court held that the *Anders* procedure applies to juvenile appeals and noted that although juvenile-delinquency proceedings are classified as civil, they are quasi-criminal in nature.  973 S.W.2d 296, 298–99 (Tex. 1998) (orig. proceeding).

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim.

2

App. [Panel Op.] 1978), M.M.'s counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on M.M.; and (3) informed M.M. of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and M.M. has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, we affirm the trial court's order.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, M.M.'s attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this Court's opinion and judgment to M.M. and to advise him of his right to file a petition for further review.[2] *See* TEX. FAM. CODE ANN. § 56.01(a) (West Supp. 2011); *see also* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
9th day of May, 2013.

---

[2] No substitute counsel will be appointed. Should M.M. wish to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review.

4